UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-22908-ALTMAN/REID

JAMES RIVER INSURANCE COMPANY,

    Plaintiff,
v.

NEW AQUARIUS CORPORATION, JESUS DIAZ, and JASMAINE SANTIAGO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON JAMES RIVER INSURANCE COMPANY'S APPLICATION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiff, James River Insurance Company's ("James River") Motion for Default Judgment against Defendants Jesus Diaz ("Diaz") and Jasmaine Santiago ("Santiago"). [ECF No. 37]. For the reasons detailed below, it is **RECOMMENDED** that James River's Motion for default judgment be **GRANTED**.

## BACKGROUND

On August 10, 2021, James River filed an action for declaratory relief against Defendants, New Aquarius Corporation ("New Aquarius"), Diaz, and Santiago. As alleged in the complaint, James River issued a Commercial General Liability Policy to New Aquarius as the Named Insured, bearing Policy No. 00050120-6, which was effective from September 25, 2017, to September 25, 2018. [ECF No. 1-2]. In this action, James River is seeking declaration that an insurance policy's Assault and Battery Limits of Liability Endorsement ("Endorsement") applies to an underlying lawsuit involving aggravated battery and attempted murder. [ECF No. 1 at 4]. James River maintains that coverage is excluded pursuant to a Construction Activities Exclusion ("Exclusion"). [*Id.* at 6].

1

On September 11, 2021, the summons and complaint were served on Santiago. [ECF No. 18]. Santiago failed to timely respond or otherwise appear, and on October 5, 2021, and a clerk's default was entered against Santiago. [ECF No. 22]. On October 18, 2021, the summons and complaint were served on Diaz. [ECF No. 27]. Diaz failed to timely respond or otherwise appear, and on November 9, 2021, a Clerk's default was entered against Diaz. [ECF No. 29]. Following entry of the Clerk's default, James River filed a motion for entry of default judgment against Diaz and Santiago.

## DISCUSSION

James River's Motion for Default Judgment against Diaz and Santiago should be granted. Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once default has been entered by the clerk, the party for whom the clerk's default was entered can then apply to the court for default judgment. Fed. R. Civ. P. 55(b)(2). Accordingly, "a court can enter a default judgment against a defendant who never appears or answers a complaint. . . ." *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co., Ltd. v. Baize*, 515 F.2d 1200, 1206 (5th Cir. 1975). "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Before entry of default against the defendant is proper, the plaintiff's pleadings must show a substantive basis for declaratory judgment, including well-pleaded allegations to support its complaint. *Id.* Under The Declaratory Judgment Act, the requirements for pleading an action for

declaratory relief mirror that of other civil actions, in that an action must first be brought for declaratory judgment and then commenced by filing a complaint. *Thomas v. Blue Cross & Blue Shield Assoc.*, 594 F.3d 823, 824–25 (11th Cir. 2010). "A party seeking a declaration judgment must allege facts in a complaint from which it appears that there is a substantial likelihood that it will suffer injury in the future." *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1346 (11th Cir. 1999). "In a case of actual controversy" a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

For an insurer to state a claim for declaratory relief, it must "adequately ple[a]d a bona fide dispute as to the insurance policy's interpretation and its coverage of [an insured's] alleged conduct." *Md. Cas. Co. v. Smartcop, Inc.*, 2012 WL 2675476 at *2 (S.D. Fla. 2012) (citing *Coregis Ins. Corp. v. McCollum*, 955 F. Supp. 120, 123 (M.D. Fla. 1997) (finding a justiciable controversy appropriate for declaratory relief because a plaintiff "has a right to know whether it is bound under its contract to defend its insured and whether or not it would be liable under the coverage of its policy in the event the state court renders judgment against it").

Here, James River is entitled to entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2), because: (1) a clerk's default was entered against both Diaz and Santiago, and (2) James River's complaint adequately states a cause of action for declaratory relief. Count I and Count II of James River's complaint include well-pleaded allegations—presumed as true following entry of the clerk's default against Santiago and Diaz—which state substantive causes of action and maintain a sufficient basis for declaratory relief sought by James River.

More specifically, Count I of James River's complaint seeks a declaration that the Endorsement's sub-limit applies to the underlying lawsuit, a suit for damages relating to injuries

suffered during an assault and battery against Diaz and Santiago on property owned by New Aquarius, the named insured. [ECF No. 1 at 4]. The Endorsement provides a $25,000 sublimit of insurance for each common cause of bodily injury arising out of an assault, battery, or any type of harmful or offensive contact on the insured's property. [ECF No. 1-2 at 38]. Diaz and Santiago sued New Aquarius for failing to properly secure their property against unlawful trespassers. Both Diaz and Santiago maintained that, had New Aquarius taken the proper precautions and properly trained their staff, New Aquarius could have prevented the assault, battery, and attempted murder of Diaz and Santiago. [ECF No. 1 at 2].

James River maintains it is not responsible for any liability arising out of the underlying lawsuit beyond the sublimit of the amount provided by the Endorsement. The Court finds that the allegations asserted in James River's complaint, taken as true, state a substantive cause of action and a sufficient basis for declaratory relief requested in Count I.

Furthermore, Count II of the complaint seeks a declaration that James River has no duty to defend or indemnify New Aquarius against the underlying lawsuit because coverage is excluded under the Exclusion. [*Id*. at 6]. In pertinent part, this exclusion provides:

> **EXCLUSION—CONSTRUCTION ACTIVITIES**
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of or related to any construction, demolition, reconstruction, building, rebuilding, or development of any kind on the insured premises. . . .

[ECF No. 1-2 at 57]. In the Underlying Lawsuit, Diaz and Santiago allege they were assaulted and battered on a construction site located on or near the Aquarius Mobile Home Park. [ECF No. 1-1]. James River maintains it has no duty to defend or pay any damages to Diaz or Santiago under the Exclusion. Following entry of the clerk's default against Diaz and Santiago, the Court finds

the allegations under Count II of James River's complaint, taken as true, adequately state a cause of action for declaratory relief against Diaz and Santiago. *See Baize*, 515 F.2d at 1206.

Under Florida law, the Court must look at the four corners of the insurance policy, giving every provision its full meaning and operative effect—including exclusions and extensions—to establish whether James River has a duty to defend New Aquarius against the underlying lawsuit brought by Diaz and Santiago. *State Farm Fire & Casualty Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). If the insured's dispute for coverage fails, James River has no duty to defend or indemnify New Aquarius in the underlying lawsuit brought by Diaz and Santiago. *Id.* at 1232. Therefore, the Court finds that the allegations of the complaint, taken as true, state a substantive cause of action and sufficient basis for the declarations requested under both Count I and Count II. Accordingly, the Undersigned recommends that James River is entitled to default judgment against Diaz and Santiago, and default judgment should be entered in favor of James River and against Diaz and Santiago.

## **CONCLUSION**

For the foregoing reasons, it is hereby **RECOMMENDED** that:

1. James River's Motion for Default Judgment against Diaz and Santiago, [ECF No. 37], be **GRANTED**;
2. Default judgment be **ENTERED** in favor of James River and against Diaz and Santiago; and
3. Given the lack of clarity regarding Defendants' current addresses, in an abundance of caution, **THE CLERK IS INSTRUCTED** to send a copy of this Report to each address listed below for Jesus Diaz and Jasmaine Santiago.
    a. JESUS DIAZ, 451 SE 8 Street, #156B, Homestead, FL 33033.
    b. JESUS DIAZ, 1490 NE 33rd Ave, #104, Homestead, FL 33033.
    c. JASMAINE SANTIAGO, 451 SE 8th Street, D, Homestead, FL 33033.
    d. JASMAINE SANTIAGO, 1490 NE 33rd Ave, #104, Homestead, FL 33033.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 21st day of June, 2022.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Judge Roy K. Altman;**

      **All Counsel of Record**