UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-22908-ALTMAN/Reid

**JAMES RIVER INSURANCE COMPANY**,

*Plaintiff*,

v.

**NEW AQUARIUS CORPORATION**, *et al.*,

*Defendants.*
_____/

## ORDER

The Plaintiff filed a Complaint [ECF No. 1], to which the two individual Defendants in this case—Jesus Diaz and Jasmaine Santiago—did not respond.[1] The Plaintiff then filed a Motion for Default Judgment against Mr. Diaz and Ms. Santiago, [ECF No. 37] (the "Motion"), which we referred to Magistrate Judge Lisette M. Reid for a Report and Recommendation, *see* Order of Referral [ECF No. 39].

On June 21, 2022, Magistrate Judge Reid issued her Report and Recommendation [ECF No. 40] (the "R&R"), in which she suggested that the Motion be granted. *See* R&R at 1. More specifically, Magistrate Judge Reid determined that the Plaintiff "is entitled to entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2) because: (1) a clerk's default was entered against both Diaz and Santiago, and (2) [the Plaintiff]'s complaint adequately states a cause of action for declaratory relief." *Id.* at 3.

Magistrate Judge Reid also warned the parties as follows:

> Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on

---

[1] The parties stipulated to the dismissal of the other Defendant, New Aquarius Corporation. *See* Order of Dismissal of Certain Defendants with Prejudice [ECF No. 35].

       unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-
       Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. §
       636(b)(1)(C).

*Id.* at 6. More than fourteen days have passed, and neither side has objected.

       When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

       Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

    1.     The R&R [ECF No. 40] is **ACCEPTED and ADOPTED** in full.

    2.     The Motion for Default Judgment [ECF No. 37] is **GRANTED**. Default Judgment shall be **ENTERED** in favor of James River and against Diaz and Santiago.

**DONE AND ORDERED** in Miami, Florida this 12th day of July 2022.

_____
**ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE**

cc: counsel of record